# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY** <br> 2775 Sanders Road <br> Northbrook, Illinois 60062 | * <br> * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. |
| **TORNESHA GAINES** <br> 806 Creech Road <br> Garner, North Carolina 27529 | * <br> * | |
| and | * | |
| **STANLEY ROCHKIND,** Individually, and on behalf of JAM # 30 Corporation, Dear Management and Construction Company, and SD-23 Corporation <br> 403 Old Crossing Drive <br> Pikesville, Maryland 21208 | * <br> * <br> * | |
| and | * | |
| **CHARLES W. RUNKLES,** Individually, and on Behalf of JAM #30 Corporation, Dear Management And Construction Company, and SD-23 Corporation <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> * <br> * | |
| and | * | |
| **JAM #30 CORPORATION** | * | |
| SERVE ON: Charles W. Runkles <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> * | |
| and | * | |
| **DEAR MANAGEMENT & CONSTRUCTION COMPANY** | * <br> * | |

|  |  |  |
|---|---|---|
| SERVE ON: | Charles Runkles | * |
|  | 5616 Park Heights Avenue |  |
|  | Baltimore, Maryland 21215 | * |
| and |  | * |
| **SD-23 CORPORATION** |  | * |
| SERVE ON: | Ronald Washington | * |
|  | 1705 East Joppa Road, Suite 300 |  |
|  | Baltimore, Maryland 21234 | * |
| *Defendants.* |  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allstate Insurance Company ("Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment against Stanley Rochkind (hereinafter "Rochkind"), and further adds, JAM #30 Corporation; Dear Management & Construction Company; SD-23 Corporation; and Tornesha Gaines as parties of interest.

## Parties

1. Allstate is a Delaware corporation licensed to conduct business in Maryland, and has its principal place of business in Illinois. Allstate issued a Personal Umbrella Policy of insurance to Rochkind.

2. Tornesha Gaines is an individual who is a resident of Wake County, North Carolina. She is a party of interest to this declaratory action given that she is a plaintiff in the Underlying Suit.

3. Stanley Rochkind is a resident of Baltimore County, Maryland. Prior to the filing of this declaratory action, Stanley Rochkind was named as a defendant in *Tornesha Gaines v. JAM #30 Corporation, et al.* (the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, Tornesha Gaines ("Gaines"), alleges that she contracted poisoning from lead paint from

2

various properties, including properties owned by entities of which Stanley Rochkind is a stockholder/member/partner/manager.  The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City.  By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to Rochkind relating to the claims asserted by Gaines in the Underlying Suit.

4. Charles Runkles is a resident of Baltimore, Maryland.  He is a party of interest to this declaratory action given that he is a named defendant in the Underlying Suit.

5. JAM # 30 Corporation is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215.  JAM # 30 is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

6. Dear Management & Construction Company is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215.  Dear Management & Construction Company is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

7. SD-23 Corporation is a forfeited Maryland corporation, with its principal place of business located at 1705 East Joppa Road, Suite 300, Baltimore, Maryland 21234.  SD-23 Corporation is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

**Jurisdiction and Venue**

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b).  As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars

($75,000.00) and the Personal Umbrella Policy of insurance, held by Rochkind, provides defense and indemnity coverage up to Five Million Dollars ($5,000,000). Allstate is incorporated in Delaware, with its principal place of business in Illinois. Stanley Rochkind is a resident of Baltimore, Maryland and Gaines is a resident of Garner, North Carolina.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as Rochkind resides in Maryland and has his principal place of business in Maryland. Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in Baltimore City, Maryland.

## Facts

10. On or about, December 8, 2017 Gaines filed the Underlying Suit, seeking damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Rochkind and other defendants in the Circuit Court of Maryland for Baltimore City. The Underlying Suit alleges, and seeks to prove, that Gaines contracted harmful, elevated blood lead levels due to exposure to lead paint at a residential property located at 1709 Regester Street (the "Subject Premises"), in Baltimore City. *See* Complaint and Demand for Jury Trial attached hereto as **Exhibit A**.

11. The Underlying Suit alleges Defendants JAM #30 Corporation; Dear Management & Construction Company; SD-23 Corporation; Charles Runkles and Rochkind owned the Subject Premises during the time period alleged in the Complaint. Upon information and belief, Stanley Rochkind is a partner of Dear Management & Construction Company and JAM #30. *See* **Exhibit A** at ¶ 2-3.

12. The Complaint in the Underlying Suit indicates that Gaines resided, visited, and spent significant amounts of time at the Subject Premises from birth (July 7, 1997) through 1999. *See* **Exhibit A** at ¶ 2-3.

13. Allstate issued a Personal Umbrella Policy of insurance, No.: 028737150 ("Policy"), which provided excess personal liability coverage for Rochkind between June 13, 1988 until June 13, 2000, when it was cancelled. On June 13, 1999, an exclusion of coverage for claims alleging lead exposure went into effect. The Policy is attached hereto as **Exhibit B**.

14. Allstate contends it has no obligation to defend and/or indemnify Rochkind for any damages arising from Gaines' alleged exposure after June 13, 1999, when coverage for lead exposure under the Policy terminated.

15. As such, Allstate contends that Rochkind is responsible for a pro-rata portion of her indemnity arising from Gaines' allegations in the Underlying Suit.

16. Allstate generally denies that coverage is available for Rochkind under the Policy for Gaines' alleged injuries; however, in the event that coverage may be available under the Policy, the Policy does not provide coverage for damages that occurred on or after June 13, 1999.

## Count I – Declaratory Judgment

17. The allegations set forth in Paragraphs 1 through 16 are incorporated herein by reference.

18. An actual and immediate controversy exists between Allstate and Rochkind with respect to Allstate's duties and obligations under the Policy.

19. Allstate contends that under the Policy there is no indemnity coverage for any damages arising from Gaines' lead exposure that occurred on or after June 13, 1999, when the Policy expired.

20. As such, Allstate contends that Rochkind is responsible for all damages awarded to Gaines that allegedly arose from exposure to lead occurring on or after June 13, 1999.

21. Pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, Allstate is entitled to an allocation of any potential responsibility under the Policy for damages arising from Gaines' alleged exposure.  668 F.3d 106 (4th Cir. 2012)

22. Allstate is entitled to a determination of its duties with respect to the Rochkind Insureds under the terms of the Policy pursuant to 28 U.S.C. § 2201.

23. There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Allstate respectfully requests that this Court enter an Order declaring that coverage is not available for Rochkind under the Policy for any damages caused by lead exposure to Gaines, occurring on or after June 13, 1999, that Rochkind is responsible for all damages caused by exposure which occurred on or after June 13, 1999, and that Allstate's share of the pro-rata allocation of liability is limited to 56% of the total of any judgment for Gaines, with Rochkind liable for the remaining 44% of the total of any judgment for Gaines, pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts,* 668 F.3d 106 (4th Cir. 2012).

                Respectfully submitted,

                */s/ Adam G. Smith*
                Paul J. Weber (Bar No. 03570)
                Adam G. Smith (Bar No. 19241)
                Sean P. Hatley (Bar No. 20139)
                Amanda C. Sprehn (Bar No. 28071)
                HYATT & WEBER, P.A.
                200 Westgate Circle, Suite 500
                Annapolis, Maryland 21401
                Phone:      (410) 266-0626
                Facsimile:  (410) 841-5065
                Email:       pweber@hwlaw.com
                Email:       adamsmith@hwlaw.com
                Email:       sphatley@hwlaw.com
                Email:       asphren@hwlaw.com

*Counsel for Plaintiff*
*Allstate Insurance Company*