## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**ALLSTATE INSURANCE COMPANY,**    *

     **Plaintiff,**   *

     **v.**   *     **Case No. 1:19-CV-00239-GLR**

**TORNESHA GAINES,** *et al.*,   *

     **Defendants.**   *

  *   *   *   *   *   *   *   *   *   *   *   *   *

## DEFENDANT TORNESHA GAINES' MOTION TO STAY

Defendant Tornesha Gaines (hereinafter "Underlying Plaintiff"), by and through her undersigned counsel, hereby submits this Motion to Stay.

This case should be stayed pending the ultimate resolution of a case currently pending in the Court of Special Appeals, *Daquantay Robinson v. CX Reinsurance Company limited, et al.*, No. 01888, September Term 2016 (the "Robinson Case"). This Court has recently reiterated the standard for addressing a Motion to Stay:

> When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018). Of particular note, this Court reiterated the principle that, "where the Supreme Court may shortly provide definitive guidance on key legal questions that could impact the viability of some or all of the claims asserted by [one of the parties], <u>considerations of judicial economy strongly</u>

1

counsel in favor of a stay." *Id.* at 734 (emphasis added).  All three of the foregoing factors support entering a stay in this case.

Here, staying this matter pending the resolution of the Robinson Case will do much to serve the interests of judicial economy.  The litigants in the Robinson Case have squarely presented to the Court of Special Appeals the issue of which insurance allocation rule Maryland applies in lead-based paint personal injury lawsuits.  As detailed in Underlying Plaintiff's concurrently-filed Motion for Certification, no Maryland Court has ever directly addressed this issue.  As further detailed in Underlying Plaintiff's Motion for Certification, this is the central and controlling issue in this case.  The Court of Special Appeals' decision in the Robinson Case will therefore be the first Maryland appellate authority that directly addresses the central issue in this case.  Underlying Plaintiff further expects that, regardless of which way the issue is decided, one or both of the parties to the Robinson Case will seek certiorari to the Court of Appeals to permit that Court—the final arbiter of Maryland law—to pass on this issue.  Thus, just as in *International Refugee Assistance Project*, 323 F. Supp. 3d at 734, Maryland's appellate courts will soon provide some "definitive guidance" on the heart of the legal dispute in this case.  Accordingly, "considerations of judicial economy strongly counsel in favor of a stay." *Id.*

Allstate will not suffer any hardship if a stay is granted.  This matter is but one of myriad open cases and/or claims in which Allstate has exposure based upon the actions of its many insureds.  Staying a few cases pending the decisive resolution of the central issue in this case by Maryland's appellate courts will not present a substantial burden to a large insurance company such as Allstate.  Moreover, Allstate will not incur any costs during the pendency of the stay, as discovery or investigatory actions need be taken in relation to this case.  When Maryland's

appellate courts resolve the issues presented in the Robinson Case, this matter can pick up precisely where it left off.

There is, however, potentially grave prejudice to Underlying Plaintiff if a stay is not granted. As discussed in Underlying Plaintiff's Motion for Certification, federal precedent indicates that the Fourth Circuit was persuaded that Maryland applies the pro-rata insurance allocation rule in both property damage and lead-based paint personal injury cases. *See Pennsylvania Nat. Mut. Cas. Ins. Co. v. Roberts*, 668 F.3d 106 (4th Cir. 2012).[1] If, relying on *Roberts*, this Court grants Allstate the relief it seeks, but Maryland's appellate courts later determine that Maryland does not apply the pro-rata rule in lead-based paint personal injury cases, Underlying Plaintiff will have been unjustly divested of insurance coverage for a large portion of her injuries. This is simply too great a risk for this Court to permit. Instead, this Court should simply stay this case so that Maryland's appellate courts can directly address this issue.

In summary, the interests of judicial economy would be well served by a stay in this case, as Maryland's appellate courts will soon provide definitive guidance on the determinative issue in this case. Furthermore, a stay would protect Underlying Plaintiff from a potential grave injustice, and would not in any way prejudice Allstate. For all of the foregoing reasons, Underlying Plaintiff respectfully requests that this Court stay this matter pending the ultimate resolution by Maryland's appellate courts of the *Daquantay Robinson v. CX Reinsurance Company limited, et al.*, case, currently pending in the Court of Special Appeals of Maryland, Case No. 01888, September Term 2016.

---

[1] Underlying Plaintiff contends that the *Roberts* decision is inapplicable under the facts of this case.

Respectfully Submitted,


*/s/ J. Marks Moore III*
J. Marks Moore III (Bar No. 00035)
Stephen S. McCloskey (Bar No. 04640)
Matthew J. McCloskey (Bar No. 20097)
Semmes, Bowen & Semmes
Suite 1400
25 South Charles Street
Baltimore, Maryland 21201
410-539-5040
mmoore@semmes.com
smccloskey@semmes.com
mmccloskey@semmes.com
*Attorneys for Defendant*
*Tornesha Gaines*

4

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 12th day of April, 2019, a copy of the foregoing Defendant's Motion to Stay and proposed Order were served via e-filing and/or first class mail, postage prepaid to:

Paul J. Weber, Esquire
Adam G. Smith, Esquire
Sean P. Hatley, Esquire
Amanda C. Sprehn, Esquire
Hyatt & Weber, P.A.
200 Westgate Circle, Suite 500
Annapolis, MD 21401

*Counsel for Plaintiff*
*Allstate Insurance Company*

Brian M. Spern, Esquire
The Law Office of Brian M. Spern
3701 Old Court Road – Suite 24
Baltimore, MD 21208

*Attorney for Defendants, JAM #30*
*Corporation, SD-23 Corporation,*
*Stanley Rochkind, Charles Runkles,*
*and Dear Management & Construction*
*Company*

Judge's Courtesy Copy:
The Honorable George L. Russell, III

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey

B2145389.DOCX

5