UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 1, 2019

LETTER TO COUNSEL

    RE:    *Allstate Ins. Co. v. Tornesha Gaines, et al.*;
              Civil No. SAG-19-239

Dear Counsel:

In its Complaint, Plaintiff Allstate Insurance Company ("Allstate") seeks a declaratory judgment regarding the limits of its exposure in separate litigation captioned *Tornesha Gaines v. Jam #30 Corporation, et al.*, Case No. 24-C-17-006204 (the "Underlying Suit"). ECF 1. One of the named Defendants in this federal case, Tornesha Gaines, is the plaintiff in the Underlying Suit, in which she alleges that she was exposed to lead-based paint while she lived at and visited a property owned by another Defendant, Stanley Rochkind, or one of his corporate entities. Rochkind maintained a Personal Umbrella policy with Allstate from 1988-2000. *Id.* ¶ 3, 12. In 1999, Allstate added a lead exposure exclusion to Rochkind's policy, which specifically excluded coverage for lead exposure occurring after June 13, 1999. *Id.* ¶ 13, 14. Gaines's lead exposure at Rochkind's property continued past the time that the lead exposure exclusion was added to Rochkind's Allstate policy. *Id.* Therefore, in this lawsuit, Allstate seeks a declaration that it will be responsible only for a pro rata percentage of any finding of liability in the Underlying Suit. *Id.* at 6. Allstate contends that its percentage of liability should be calculated using the pro rata allocation method described in *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, 668 F.3d 106 (4th Cir. 2012). *Id.*

Gaines has filed two motions, which are currently ripe for disposition. First, Gaines seeks certification of the following question to the Maryland Court of Appeals:

> What insurance allocation rule does Maryland apply in lead-based paint bodily injury lawsuits where an insurance policy is triggered by an individual's exposure to lead-based paint, but the insurance policy at issue was not in effect for the entire period of the individual's exposure?

ECF 18 ¶ 10. Both parties note that a near-identical motion, seeking certification of the identical question, was presented to and decided by United States District Judge Ellen L. Hollander in *Allstate Ins. Co. v. N-4, Inc.*, *et al.*, Civil No. ELH-17-2980, 2018 WL 5234885, (D. Md. Oct. 22, 2018), a case involving the same counsel for all parties. In her detailed opinion, Judge Hollander denied certification, citing "the unambiguous case law" from the Maryland Court of Special Appeals and the Fourth Circuit supporting application of the pro rata allocation method, and the lack of "persuasive data that the highest court of the state would decide otherwise." *N-4*, 2018 WL 5234885, at *7 (quoting *Assicurazioni Generali, S.p.A. v. Neil*, 160 F.3d 997, 1002 (4th Cir. 1998)).

I concur with Judge Hollander's well-reasoned opinion in its entirety, and adopt its rationale and its ruling.

      Second, Gaines seeks to stay this litigation, awaiting resolution of an appeal pending before the Court of Special Appeals for approximately three years, *Daquantay Robinson v. CX Reinsurance Company Limited, et al.*, No. 01888, September Term 2016 ("the *Robinson* case"). ECF 16. In seeking the stay, Gaines concedes that "regardless of which way the issue is decided, one or both of the parties to the Robinson case will seek certiorari to the Court of Appeals to permit that Court-- the final arbiter of Maryland law-- to pass on this issue." ECF 16 at 2. I concur with my colleagues who have denied near-identical motions to stay similar cases pending a ruling in *Robinson*. A stay is unnecessary, because "the Maryland Court of Special Appeals and the Fourth Circuit have plainly held that the pro rata method governs damage allocations in continuous injury disputes in Maryland." *Allstate Ins. Co. v. Pitts*, Civil No. 18-1795-JMC, 2019 WL 1980287, at *4 (D. Md. May 3, 2019); *see also Allstate Ins. Co. v. Jam 32 Corp.*, Civil No. ELH-17-3293, 2019 WL 2009359, at *11 (D. Md. May 7, 2019) ("Even if the Court were persuaded by defendants' arguments, it is nevertheless bound by the Fourth Circuit's decision in *Roberts*. I see no reason to delay ruling until the Maryland Court of Special Appeals decides *Robinson v. CX Re.*") Given the well-settled state of the law, as described by Judge Hollander in *N-4* and *Jam #32 Corp.*, judicial economy dictates that Plaintiff's motion to stay be denied.

      For the reasons set forth above, Plaintiff's Motion for Certification, ECF 18, and Motion to Stay, ECF 16, are DENIED. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States District Judge